```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA,

      v.                                                 CR. No. 07-10313-PBS

JAMONT F. DUBOSE

## MEMORANDUM AND ORDER
May 13, 2011

SARIS, D.J.

### I.  INTRODUCTION

Now pending before this Court is defendant Jamont F. Dubose's ("Dubose") "Affidavit to Vacate A.C.C.A. Enhancement" (Docket No. 60).

The relevant background is as follows.  On September 19, 2007, an Indictment was returned charging Dubose with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g).  During the criminal proceedings, an evidentiary hearing was held on Dubose's motion to suppress evidence, and on March 31, 2008, this Court denied the motion. See Memorandum and Order (Docket No. 27).

On June 10, 2008, Dubose entered a change of plea and pled guilty.  On October 2, 2008, this Court held a sentencing hearing and sentenced Dubose to a term of imprisonment of 180 months, imposing a sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  See Judgment (Docket No. 39).  Dubose filed a Notice of Appeal (Docket No. 40) on October 8, 2008. Thereafter, an Amended Judgment (Docket No. 47) entered.

On September 1, 2009, the United States Court of Appeals for

the First Circuit ("First Circuit") affirmed this Court's denial of Dubose's motion to suppress.  <u>See</u> Judgment (Docket No. 56); Mandate (Docket No. 59, entered Oct. 20, 2009); <u>United States v. Dubose</u>, No. 08-2382 (1st Cir. 2009).

About 18 months later, on April 25, 2011, Dubose filed the instant motion, entitled "Affidavit to Vacate A.C.C.A. Enhancement" (Docket No. 60).  In the pleading, Dubose requests this Court consider his motion for relief from his enhanced sentence pursuant to 18 U.S.C. § 3582.  He alleges that his ACCA sentence was imposed by this Court in error because one of the predicate offenses, a Massachusetts (Dorchester Court) assault and battery on a police officer ("ABPO") was based, improperly, on a plea colloquy from this prior conviction.[1]  He maintains that the factual evidence in this matter was sparse, particularly in view of the fact that the Presentence Report stated that "no information was available regarding this offense."  Affidavit (Docket No. 60 at 1).  He further contends that the only information that properly could have been considered by this Court did not establish that Dubose "necessarily" pled guilty to facts constituting a "violent felony" as encompassed by the ACCA. In light of this, Dubose claims that the Government had not met

---

[1] Dubose argues that the plea colloquy was concurrent with another criminal case, involving a misdemeanor for simple assault, and thus is not a basis for application of the ACCA.

2

its initial burden of proving the predicate conviction.

Next, Dubose argues that this Court erred in concluding that every ABPO qualifies as a "violent felony" under the ACCA. He refers to First Circuit law indicating that ABPO in Massachusetts does not categorically qualify as a "violent felony" for ACCA purposes, where there can be both violent and non-violent crimes. Specifically, Dubose cites to <u>United States v. Brown</u>, 510 F.3d 57 (1st Cir. 2007)(defendant's purported offense of ABPO in violation of Massachusetts law did not qualify as a predicate offense under the ACCA). The instant motion parrots some of the language in that case. Dubose also cites to <u>LaFrenier v. Kinery</u>, 478 F. Supp. 2d 126 (D. Mass. 2007)(defining ABPO under Mass. Gen. Laws ch. 265, § 13D).[2]

A fundamental problem with Dubose's claim exists at the outset, because a review of the Presentence Report ("PSR") <u>does not reveal any predicate offenses of ABPO</u>.[3]

---

[2]*Cf.* <u>United States v. Dancy</u>,--- F.3d ---, 2011 WL 1418854 (1st Cir. Apr. 13, 2011)(holding that a conviction of ABPO under Massachusetts law falls with the second clause of the ACCA (nown as the "residual" clause, 18 U.S.C. § 924(e)(2)(B)(ii)) and distinguishing <u>United States v. Holloway</u>, 630 F.3d 252, (1st Cir. Jan. 21, 2011) by noting differences between simple assault and ABPO).

[3]Paragraph 40 of the PSR reveals an Assault and Battery charge in the Dorchester District Court, Docket No. 0607-cr-0758, for which Dubois received 18 months probation on August 16, 2006. There is also an offense of Resisting Arrest arising out of the Dorchester District Court, Docket No. 0307-CR-7480H, for which

For purposes of this Memorandum and Order, however, this Court will address Dubose's claims presuming an ABPO charge as he alleges. Nevertheless, for the reasons discussed below, Dubose's motion will be <u>DENIED</u>.

## II. DISCUSSION

The authority of a District Court to alter a valid sentence is limited to authority conferred by federal statute. <u>United States v. Zsofska</u>, 121 F.3d 696 (1st Cir. 1997). There is no inherent authority to modify a sentence once imposed. <u>United States v. Ross</u>, 245 F.3d 577, 586 (6th Cir. 2001); <u>United States v. Caterino</u>, 29 F. 3d 1390, 1394 (9th Cir. 1994).

Here, Dubose seeks relief under 18 U.S.C. § 3582; however, such relief is not available in this case.

Title 18 U.S.C. § 3582 provides for imposition of a sentence of imprisonment. Subsection (a) outlines factors to be considered in imposing a term of sentence. Subsection (b) provides for the effect of finality of judgment, stating that a judgment of conviction is final and can only be modified as

---

Dubose received 6 months House of Correction sentence on June 22, 2004. <u>See</u> PSR ¶ 39. Additional predicate offenses are listed in the PSR in ¶¶ 37 and 38 (for Armed Robbery and other charges arising out of the Suffolk Superior Court on June 14, 1999, Docket No. 99cr10481, and Drug Violations Near School/Park and other charges, arising out of the Dorchester District Court, Docket No. 0307-CR-7001D, on November 10, 2003). There <u>is</u> an ABPO charge in ¶ 51 arising out of the Boston Municipal Court, Docket No. 0601-CR-6543B but the charge was dismissed on March 20, 2007.

4

provided by subsection (c), or by Fed. R. Crim. P. 35 (correcting clear error or reducing a sentence for substantial assistance), and 18 U.S.C. § 3742 (regarding appeal of a sentence).

Under 18 U.S.C. § 3582(c)(presumably the section Dubose seeks to invoke) a court "may not modify a term of imprisonment once it has been imposed, except in three limited circumstances." Id. See United States v. Smartt, 129 F.3d 539, 540-541 (10th Cir. 1997); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); United States v. Maldonado, 138 F. Supp. 2d 328 (E.D.N.Y. 2001). First, a court may reduce a sentence of imprisonment if it finds special circumstances, but only upon motion of the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A)(i). Second, a sentence may be modified if otherwise expressly authorized by statute or by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). Third, a modification may be made if the sentencing range has "subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. 944(o)." 18 U.S.C. § 3582(c)(2).[4]

---

[4]Specifically, section 3582(c) states " --The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case —

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the

5

This Court has considered the various claims presented by Dubose, and finds that his arguments do present complex issues concerning application of the ACCA. Nevertheless, the Court does not find that Dubose's invocation of 18 U.S.C. § 3582 provides a basis for review of his final judgment because none of Dubose's

---

original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

  (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

arguments fall within the three narrow exceptions outlined in the statute.

### III. CONCLUSION

Based on the foregoing, Dubose's "Affidavit to Vacate A.C.C.A. Enhancement" (Docket No. 60), treated as a motion to modify the judgment of conviction pursuant to 18 U.S.C. § 3582, is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Patti B. Saris</u>
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE